ORDER DENYING PETITION FOR REHEARING EN BANC
HEANEY, Circuit Judge.
This Court’s opinion recognizes that farm prices and land values have fallen dramatically since the mortgages were executed and that present farm income is simply inadequate to repay the original debt. The banks’ losses will be the same whether the debt is restructured to enable the Ahlers to continue operating the farm or the land is sold at a liquidation sale. Congress intended to permit farmers to reorganize if they have a reasonable chance of success. The panel opinion simply reflects that intent.
Contrary to the views expressed by the dissenters, the application of the absolute priority rule was not raised for the first time in the panel opinion. Norwest took the position before the district court and before this Court in its brief and oral argument that even if adequate protection were offered and a feasible plan presented, no plan for reorganization could be approved because the debtor proposed to retain an interest in the farm without paying Nor-west the amount of its claim in full. It stated:
[Djebtors propose to treat a large portion of Norwest’s claim as unsecured. Nor-west disagrees with this assertion, but even if the Debtors successfully treat Norwest as unsecured to some degree, *415 this plan is unconfirmable over the vote of a non-consenting class of unsecured creditors if the Debtors retain any interests in their property and the unsecured creditors are not paid in full on the effective day of the plan. 11 U.S.C. § 1129(a)(8) and (b). In re Pecht, 53 B.R. 768, 770 (Bankr.E.D.Va.1985). Since Norwest as an unsecured creditor would not consent to a plan in which the Debtors retain anything, unless Norwest is paid in full, a non-liquidating plan could not be confirmed unless Norwest was outvoted within its class of unsecured creditors.
Brief for Norwest at 22-23 (emphasis added, footnote omitted); see also Supplemental brief of Norwest before the district court at 4.
At oral argument counsel for the Federal Land Bank was asked the following question:
Q. Is it your position that, as it is your colleague’s, that unsecured creditors can prevent the confirmation of a plan which would provide for the payment to secured creditors of the value of their loan at the time the plan was filed?
A. Yes, as counsel for Norwest correctly pointed out under section 1129(b)(2), your Honor, an unsecured creditor must receive property of a value of his unsecured claim at the time of confirmation if the debtor proposes to retain any interest in the property at that time.
In view of the fact that both the Federal Land Bank and Norwest took the position outlined above, one could only conclude that a plan of reorganization could not be approved for the Ahlers because they proposed to retain an interest in the property. Thus, we had no alternative but to decide whether Norwest and the Federal Land Bank could block a petition for reorganization solely on the basis of the absolute priority rule. Inasmuch as it was abundantly clear from the record that the Ah-lers would be unable to infuse any new cash into the farm, the key question, implicit in the application of the absolute priority rule, was whether their work and labor could be substituted for cash. We answered that question in the affirmative.
Further support for this analysis is to be found in the fact that the dissenting opinion, as well as the majority opinion, saw fit to address the merits of the matter.